UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA

      V.                      CRIMINAL NO. 99-10258-DPW (001)

STEPHEN A. DILEO           ATTORNEY:
                                  Benjamin Brafman, Esq.

## JUDGMENT IN A CRIMINAL CASE

THE DEFENDANT PLEADED GUILTY TO COUNTS:  one

ACCORDINGLY, THE DEFENDANT IS ADJUDGED GUILTY OF SUCH COUNT(S), WHICH INVOLVED THE FOLLOWING OFFENSES:

| TITLE & SECTION | DESCRIPTION OF CHARGES | COUNTS |
|---|---|---|
| 41 U.S.C. §53 | Anti-Kickback Act | I |
| 18 U.S.C. §2 | Aiding and Abetting | I |

DATE OFFENSE CONCLUDED: 6/4/97

THE DEFENDANT IS SENTENCED AS PROVIDED IN PAGES 2 THROUGH 5 OF THIS JUDGMENT. THE SENTENCE IS IMPOSED PURSUANT TO THE SENTENCING REFORM ACT OF 1984.

| | |
|---|---|
| DEFENDANT'S SOC.SEC. NO. | 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 |
| DEFENDANT'S DATE OF BIRTH: | 9/25/60 |
| DATE SENTENCE IMPOSED: | 1/18/00 |
| DEFENDANT'S RESIDENCE ADDRESS: | 33 Furnace Brook Parkway<br>Apt. #31<br>Quincy, MA |
| Weekends: | 142 Parkwood Road<br>West Islip, New York 11795 |
| DEFENDANT'S MAILING ADDRESS: | SAME |
| U.S.M. NO.: | 22797-038 |

DATED: January 18, 2000

Hon. Douglas P. Woodlock
U.S. District Judge

DEFENDANT: ROBERT BOUCHER                         PAGE 2 OF 5
CRIMINAL NO.: 99-10273-DPW (001)

## IMPRISONMENT

    THE DEFENDANT IS HEREBY COMMITTED TO THE CUSTODY OF THE UNITED STATES BUREAU OF PRISONS TO BE IMPRISONED FOR A TERM OF:

<u>12 MONTHS AND 1 DAY</u>

__X__ THE COURT MAKES THE FOLLOWING RECOMMENDATION TO THE BUREAU OF PRISONS:

<u>The defendant should serve the sentence in community confinement in the Boston area.</u>

_____ THE DEFENDANT IS REMANDED TO THE CUSTODY OF THE UNITED STATES MARSHAL.

_____ THE DEFENDANT SHALL SURRENDER TO THE UNITED STATES MARSHAL FOR THIS DISTRICT AT AM/PM ON _____.

_____ AS NOTIFIED BY THE UNITED STATES MARSHAL.

__X__ THE DEFENDANT SHALL SURRENDER FOR SERVICE OF SENTENCE AT THE INSTITUTION DESIGNATED BY THE BUREAU OF PRISONS,

    _____ BEFORE 2 PM ON <u>MARCH 1, 2000</u>.

    _____ AS NOTIFIED BY THE UNITED STATES MARSHAL.

    _____ AS NOTIFIED BY THE PROBATION OFFICE.

## RETURN

I HAVE EXECUTED THIS JUDGMENT AS FOLLOWS: _____

_____

_____

_____

DEFENDANT DELIVERED ON _____ TO _____
AT _____ WITH A CERTIFIED COPY OF THIS JUDGMENT.

                                                _____
                                                UNITED STATES MARSHAL

                                                BY:_____
                                                   DEPUTY MARSHAL

DEFENDANT: STEPHEN DILEO                    PAGE 3 OF 5
CRIMINAL NO.: CR 99-10258-DPW (001)

## FINES, SPECIAL ASSESSMENTS, RESTITUTION

IT IS ORDERED THAT THE DEFENDANT SHALL PAY A SPECIAL ASSESSMENT OF $100.00 FOR COUNT ONE, WHICH SHALL BE DUE <u>FORTHWITH</u>;

A FINE OF $30,000 IS IMPOSED. THE FINE SHALL BE PAID <u>FORTHWITH</u>.

## SUPERVISED RELEASE

AFTER RELEASE FROM THE CUSTODY OF THE BUREAU OF PRISONS, THE DEFENDANT IS HEREBY PLACED ON SUPERVISED RELEASE FOR A TERM OF TWO (2) YEARS

## STANDARD CONDITIONS OF SUPERVISION

1. the defendant shall not leave the judicial district without permission of the court or probation officer;
2. the defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;
3. the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.
4. the defendant shall support his or her dependents and meet other family responsibilities;
5. the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
6. the defendant shall notify the probation officer within 72 hours of any change in residence or employment;
7. the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician;
8. the defendant shall not frequent places where controlled substances are illegally sold, used, distributed or administered;
9. the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10. the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;
11. the defendant shall notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer;
12. the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without permission of the court;
13. as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

DEFENDANT: STEPHEN A. DILEO                PAGE 4 OF 5
CRIMINAL NO.: CR 99-10258-DPW (001)

## SPECIAL CONDITIONS OF SUPERVISION

WHILE ON SUPERVISED RELEASE:

1. THE DEFENDANT SHALL NOT COMMIT ANOTHER FEDERAL, STATE, OR LOCAL CRIME.

2. THE DEFENDANT ALSO SHALL COMPLY WITH THE STANDARD CONDITIONS THAT HAVE BEEN ADOPTED BY THIS COURT (SET FORTH IN THIS JUDGMENT).

3. THE DEFENDANT SHALL NOT POSSESS A FIREARM OR OTHER DANGEROUS WEAPON.

4. THE DEFENDANT IS PROHIBITED FROM INCURRING NEW CREDIT CHARGES OR OPENING ANY ADDITIONAL LINES OF CREDIT WITHOUT THE APPROVAL OF THE PROBATION OFFICER, UNLESS THE DEFENDANT HAS PAID THE FINE AND SPECIAL ASSESSMENT.

5. THE DEFENDANT SHALL PROVIDE THE PROBATION OFFICER ACCESS TO ANY REQUESTED FINANCIAL INFORMATION.

6. THE DRUG TESTING CONDITIONS ARE SUSPENDED.

DEFENDANT: STEPHEN A. DILEO                               PAGE 5 OF 5
CRIMINAL NO.: 99-10258-DPW (001)

## STATEMENT OF REASONS

_X_ THE COURT ADOPTS THE FACTUAL FINDINGS AND GUIDELINE APPLICATION IN THE PRESENTENCE REPORT.

                                    OR

____THE COURT ADOPTS THE FACTUAL FINDINGS AND GUIDELINE APPLICATION IN THE PRESENTENCE REPORT EXCEPT:  (see attachment if necessary):

GUIDELINE RANGE DETERMINED BY THE COURT:

   TOTAL OFFENSE LEVEL:              13

   CRIMINAL HISTORY CATEGORY:        I

   IMPRISONMENT RANGE:               12 to 18 months

   SUPERVISED RELEASE:               2 to 3 years

   FINE RANGE:                       $3,000 to $30,000

____Fine is waived or is below the guideline range, because of the defendant's inability to pay.

   RESTITUTION:                      n/a

_X_ The sentence is within the guideline range, that range does not exceed 24 months, and the court finds no reason to depart from the sentence called for by application of the guidelines.

                                    OR

____The sentence is within the guideline range, that range exceeds 24 months, and the sentence is imposed for the following reason(s):

                                    OR

The sentence departs from the guideline range

____upon motion of the government, as a result of defendant's substantial assistance.

____for the following reason(s):

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA,

v.                                                            CRIMINAL NO. 99-10258-DPW

STEPHEN A. DILEO

### NOTICE TO DEFENDANT OF APPEAL RIGHTS

WOODLOCK, D.J.

Judgment in the above entitled matter was imposed on JANUARY 18, 2000.  The defendant is hereby notified of the right to appeal within 10 days of Entry of Judgment. Fed.R.App.P.4(b).

The attention of the defendant and defense counsel is directed to the provisions of First Circuit Local Rule 12(b), providing that an attorney who has represented a defendant in a criminal case in the District Court will be responsible for representing the defendant on appeal until the attorney is relieved of such duty by the Court of Appeals.  Detailed procedures for withdrawal in criminal cases are found in First Circuit Local Rule 46.6.

BY THE COURT,

JANUARY 18, 2000                                    /s/ Rebecca Greenberg
                                                    Deputy Clerk